Jonathon Kaplan, Esq. – State Bar No. 150838
  jonathon.kaplan@kaplanweiss.com
Yitz E. Weiss, Esq. – State Bar No. 244452
  yweiss@kaplanweiss.com
KAPLAN WEISS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 553-4550
Facsimile: (213) 553-4590

Attorneys for Plaintiff,
Committee For The Advancement Of Torah
D/B/A Ok Kosher Certification

Mark A. Shipow, Esq. – State Bar No. 91134
  mshipow@socal.rr.com
LAW OFFICES OF MARK S. SHIPOW
6520 Platt Ave. #442
West Hills, CA 91307
Telephone: (818) 710-1906
Facsimile: (818) 348-2297

Attorneys for Defendants,
B.M.A. USA, Inc., Jamal Deeb

**JS-6**

FILED
CLERK, U.S. DISTRICT COURT
FEB 21, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION, a New York religious corporation,<br><br>Plaintiff,<br><br>v.<br><br>B.M.A. USA INC., a California corporation; JAMES DEEB A/K/A JAMAL DEEB, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-08169 VAP (AGRx)<br><br>[Proposed]<br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION ("OK KOSHER") and defendants B.M.A. USA, INC. and JAMES DEEB a/k/a JAMAL DEEB ("DEEB"), through their respective counsel,

1

KAPLAN WEISS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071

having entered into a Stipulation For Judgment and Permanent Injunction, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. B.M.A. and DEEB, and any person or entity acting in concert with them, or at their direction, including any and all owners, shareholders, managers, directors, agents, servants, employees, partners, assignees, and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. affixing to any container sold by B.M.A. a label that bears the Heart-K Certification Mark or any other mark that is confusingly or substantially similar to, or that constitutes a colorable imitation of, the Heart-K Certification Mark, unless the product in the container was in fact certified as Kosher by OK KOSHER, or importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service, or displaying or marketing or advertising any container, that bears the Heart-K Certification Mark or any other mark that is confusingly or substantially similar to, or that constitutes a colorable imitation of, the Heart-K Certification Mark, unless the product was in fact certified as Kosher by OK KOSHER; whether such use is as, on, in or in connection with any trademark, service mark, certification mark, trade name, logo, design, label, packaging, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b. performing or allowing others employed by them, or under their control, to perform any act or thing which is likely to interfere with OK KOSHER's interests in the Heart-K Certification Mark, including but not limited to OK

KOSHER's business reputation or goodwill, including making disparaging, negative, or critical comments regarding OK KOSHER or its services; and/or,

   b. engaging in any acts of federal and/or state trademark infringement, counterfeiting of registered marks, federal unfair competition and/or false designation of origin, state unfair competition and false advertising with respect to the Heart-K Certification Mark.

  2. B.M.A. and DEEB are ordered to deliver immediately to counsel for OK KOSHER all products, packaging, labels, signs, prints, wrappers, receptacles and advertisements, bearing the Heart-K Certification Mark or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, which are in their possession or under their control.  OK KOSHER shall be given a one-time access to the premises of B.M.A. at a mutually-agreed time within 30 calendar days of entry of this Order, to inspect the premises for the presence of, and confiscate, any materials covered by this paragraph.

  3. B.M.A. and DEEB are ordered to within ten business days of entry of this Order notify in writing all customers and distributors who purchase directly from B.M.A. that its products are not certified by OK KOSHER and request in writing the return to B.M.A., at its sole expense, of any of its products bearing the Heart-K Certification Mark.

  4. Within ten business days of entry of this Order, B.M.A. and DEEB shall be responsible for removing all B.M.A. product from the 12 Jon's Market stores in Southern California that have labels bearing the Heart K mark.  B.M.A. may, at its option, relabel such products, so long as such labels do not bear the Heart K mark.

  5. B.M.A. and DEEB are ordered to file with this Court and serve, within 30 calendar days of entry of this Order, a written report, signed under penalty of perjury by James Deeb, its General Manager and Chief Executive Officer, attesting to the fact that they have fully complied with the orders in paragraphs 1, 2, 3 and 4 *ante*, providing a full inventory of all things delivered to counsel pursuant to paragraph 2

3

*ante*, and attaching all written notices and requests, and providing details for same, made pursuant to paragraphs 3 and 4 *ante*.

6. This Stipulated Judgment and Permanent Injunction shall be deemed to have been served upon B.M.A. and DEEB at the time of its service on counsel by the Court.

7. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against B.M.A. and DEEB.

8. B.M.A. will be making an agreed-upon payment to OK KOSHER, as more particularly described in a separate confidential settlement agreement.

9. No appeals shall be taken from this Stipulated Judgment and Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Stipulated Judgment and Permanent Injunction.

10. Each party shall bear its own attorneys' fees and costs incurred in this action, except to the extent of any enforcement of the confidential settlement agreement or this Stipulated Judgment and Permanent Injunction.

11. This is a final judgment and all claims asserted by and between the parties are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Date: February 21, 2020

Virginia A. Phillips,
Chief United States District Court Judge

Approved as to form,

KAPLAN WEISS LLP


By: _____*/s/ (on original)*_____
    Jonathon Kaplan, Esq.
    Attorneys for Plaintiff,
    COMMITTEE FOR THE ADVANCEMENT OF TORAH
    D/B/A OK KOSHER CERTIFICATION
    E-mail:jonathon.kaplan@kaplanweiss.com


LAW OFFICES OF MARK S. SHIPOW


By: _____[signature: Mark S.]_____
    Mark S. Shipow, Esq.
    Attorneys for Defendants,
    B.M.A. USA, INC., JAMES DEEB
    E-mail: mshipow@socal.rr.com

**KAPLAN WEISS LLP**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071